IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-02430-PAB

TERI GORAKOWSKI,

      Plaintiff,

v.

ALLSTATE FIRE CASUALTY INSURANCE COMPANY d/b/a ALLSTATE INDEMNITY
COMPANY d/b/a ALLSTATE INSURANCE COMPANY,

      Defendant.

---

## ORDER TO SHOW CAUSE

---

The Court takes up this matter *sua sponte* on defendant Allstate Fire Casualty
Insurance Company's Notice of Removal [Docket No. 1].  Defendant asserts that the
Court has jurisdiction pursuant to 28 U.S.C. § 1332.  Docket No. 1 at 2, ¶ 4.

In every case and at every stage of the proceeding, a federal court must satisfy
itself as to its own jurisdiction, even if doing so requires *sua sponte* action.  *See
Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628
F.2d 1289, 1297 (10th Cir. 1980).  Absent an assurance that jurisdiction exists, a court
may not proceed in a case.  *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427
F.3d 1238, 1245 (10th Cir. 2005).  Courts are well-advised to raise the issue of
jurisdiction on their own, regardless of parties' apparent acquiescence.  First, it is the
Court's duty to do so.  *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir.
1988).  Second, regarding subject matter jurisdiction, "the consent of the parties is
irrelevant, principles of estoppel do not apply, and a party does not waive the

requirement by failing to challenge jurisdiction." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Defendant asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Docket No. 1 at 2, ¶ 4. Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile." *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006). "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Id.* at 1260. The allegations regarding the citizenship of plaintiff, however, are not well-pled.

The Notice of Removal asserts that plaintiff is "a citizen of Colorado" and, in support, cites paragraph one of plaintiff's complaint and a traffic accident report. Docket No. 1 at 3, ¶ 8. Paragraph one of the complaint states that "[a]t all times relevant," plaintiff "resided in El Paso County, State of Colorado." Docket No. 1-1 at 1, ¶ 1. Residency, however, is not synonymous with domicile, *see Miss. Band of Choctaw*

*Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another.") (citations omitted)), and only the latter is determinative of a party's citizenship.  *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity.").  Courts are to consider the "totality of the circumstances" to determine a party's domicile.  *Middleton v. Stephenson*, 749 F.3d 1197, 1200–01 (10th Cir. 2014); *cf. Dumas v. Warner Literary Grp., LLC*, No. 16-cv-00518-RM-NYW, 2016 WL 10879185, at *2 (D. Colo. Apr. 29, 2016) (stating that courts consider a number of factors in determining a party's citizenship, including "voter registration and voting practices").  Voter registration is persuasive evidence of a person's citizenship because an individual registering to vote often must declare, under penalty of perjury, that he or she has been a resident of the state for a period of time before registration and that the address provided on the registration is the registrant's only place of residence.  *See Searle v. CryoHeart Lab'ys, Inc.*, No. 20-cv-03830-PAB, 2021 WL 1589268, at *2–3 (D. Colo. Apr. 22, 2021) (describing Colorado voter registration requirements and explaining why voter registration and voting practices are strong evidence of citizenship).

Moreover, the traffic accident report provides no support for defendant's allegations of plaintiff's citizenship.  Citizenship is determined at the time of filing, not the time of the accident.  *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) ("It has long been the case that 'the jurisdiction of the court depends upon

the state of things at the time of the action brought.'" (quoting *Mollan v. Torrance*, 22 U.S. 537, 539 (1824)); *Macias v. Twin City Fire Ins. Co.*, No. 19-cv-00742-PAB, 2019 WL 1594255, at *1 (D. Colo. Apr. 15, 2019) (finding that police report from underlying accident listing defendant's address was insufficient to prove defendant's citizenship). Moreover, other than plaintiff's address at the time of the accident, which is not by itself relevant, there is no other information that is relevant to citizenship.

Because the allegations regarding the citizenship of plaintiff are not well-pled, the Court is unable to determine plaintiff's citizenship and whether the Court has jurisdiction. *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (quotations omitted)). It is therefore

**ORDERED** that, on or before **October 4, 2021**, defendant shall show cause why this case should not be remanded due to the Court's lack of subject matter jurisdiction.

DATED September 13, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge